IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

J.C. RAMSEY, #91248

VS.  CIVIL ACTION NO. 2:10cv16-KS-MTP

DANNY SCOTT

## ORDER ACCEPTING MAGISTRATE JUDGE'S
## RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Report and Recommendation [19] of Magistrate Judge Michael T. Parker, addressing a Petition [1] for Writ of Habeas Corpus filed by J. C. Ramsey, a/k/a Henry Earl Ramsey, pursuant to 28 U.S.C. § 2254. The Court has considered the pleadings, the Report and Recommendation, the record herein and applicable law and finds that Ramsey's Petition for Write of Habeas Corpus should be **denied** for the following reasons, to-wit:

I. FACTS AND PROCEDURAL HISTORY

On August 2, 2007, *pro se* Petitioner J.C. Ramsey was convicted of two counts of auto burglary and one count of grand larceny in the Circuit Court of Forrest County, Mississippi and was sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 to serve a term of twenty-four (24) years in the custody of the Mississippi Department of Corrections (MDOC), without the benefit of parole.[1] Petition [1]; *see also*

---

[1] The facts of this case are outlined in the Court of Appeals' decision denying Ramsey's direct appeal. *See Ramsey v. State*, 998 So. 2d 1016, 1016-17 (Miss. Ct. App. 2008). To summarize, on late February 18 and early February 19, 2006, items were stolen from three vehicles in Hattiesburg, Mississippi. The owner of the third car noticed a man in the back of his work truck, but the man was gone before the owner could stop him. The owner realized that a chainsaw and other tools had been stolen.

1

Exh. A to State Court Record [9-2] at 7.

On December 10, 2007, Ramsey appealed his conviction and sentence to the Mississippi Court of Appeals based on the following ground:

> The trial court erred when it found no prima facie case of discrimination by the prosecution when the State used three of the four peremptory challenges it exercised against African American jurors.[2]

The Court of Appeals affirmed Ramsey's conviction and sentence in a published opinion dated July 29, 2008. *See Ramsey v. State*, 998 So. 2d 1016 (Miss. Ct. App. 2008), *reh'g denied,* Jan. 13, 2009.

On February 6, 2009,[3] Ramsey moved for leave to seek post conviction collateral relief in the state courts (hereinafter "PCR"), asserting the following claims:

| | | |
|---|---|---|
| Issue 1. | | Petitioner was denied his constitutional right to a speedy trial. |
| Issue 2. | | The indictment in Count Four for Grand Larceny is fatally defective for failing to describe with particularity the items of property stolen. |
| Issue 3. | | The trial court erred in granting the State's Motion to Amend its indictment as to substance. |

---

The police saw Ramsey in the Wal-Mart parking lot, and he matched the victim's description of the offender. Police found a chainsaw and other tools in the back of Ramsey's truck along with videotapes and a stereo that matched the description of the merchandise stolen from the first two vehicles. The truck itself also turned out to be stolen. Ramsey was indicted on two counts of grand larceny, one for the theft of the truck and one for theft of the chainsaw and tools. He was also indicted on two counts of burglary of an automobile, one for the theft of the videotapes and the other for the theft of the car stereo. The jury failed to return a verdict on the count of grand larceny for theft of the pickup truck but found Ramsey guilty on the other three counts. *Id.*

[2] *See* State Court Record, No. 2007-KA-01425-COA, "Briefs and Other Pleadings." [9-5] at 3; *see also* Ex. "A-3" to Memorandum in Support.

[3] He had three years from the date his "direct appeal [was] ruled upon" to do so. Miss. Code Ann. § 99-39-5(2).

2

Issue 4. The trial court erred for failing to prove the value of the stolen property in Count Four of the indictment.

Issue 5. The trial court erred for improperly sentencing the petitioner as a habitual offender pursuant to Miss. Code Ann. § 99-19-81.

Issue 6. Petitioner was denied his constitutional right to the effective assistance of counsel.

Issue 7. Petitioner was denied his constitutional right to the effective assistance of appellate counsel where his attorney:

    A. Failed to raise a requested issue.
    B. Failed to notice other appealable issues in the trial transcript.[4]

On March 11, 2009, the Mississippi Supreme Court denied Ramsey's application stating that his claims of ineffective assistance of counsel failed to meet the standard set out in *Strickland v. Washington* and that his remaining claims could have been raised at trial and on direct appeal and were therefore procedurally barred. Miss. Code Ann. § 99-39-21. *See* Ex. "C" to Petition [1-2]; Ex. "B" to Answer [8-3].

Petitioner filed the instant Petition [1] on January 8, 2010,[5] in which he asserts the following grounds for relief:

---

[4] *See* Ex. to Memorandum in Support [3-2] at 28. In his "Application for Leave to Proceed in Trial Court," Ramsey states that his Motion for Post Conviction Relief supports the claims made in his Application. *Id.* Therefore, Issues 1 - 7 listed above were taken from Ramsey's "Motion for Post Conviction Collateral Relief." *Id.* at 29-30.

[5] Under the "mailbox rule," Ramsey's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The Petition is dated January 8, 2010 (*see* [1] at 19), but was not received by the clerk's office until January 15, 2010. "In the absence of evidence to the contrary," the court assumes that the date Petitioner signed his pleading - January 8, 2010- was the date he submitted it to prison authorities for filing. *Rebardi v. Cain*, 2009 WL 1787702, at * 5 n. 6 (W.D. La. June 18, 2009); *see also Lewis v. Cain*, 2009 WL 2407951, at * 3 n.12 (E.D. La. Aug. 4, 2009).

**Ground One.** Ineffective assistance of appellate counsel.[6]

    A.    Appellate counsel failed to raise certain issues, specifically speedy trial violation, ineffective assistance of trial counsel, and the amended indictment, on direct appeal as requested by Petitioner.

    B.    Appellate counsel failed to notice other appealable issues in the trial transcript.

**Ground Two.** Speedy Trial Violation.

**Ground Three.** The trial court erred when it failed to prove the value of stolen property in Count Four of the indictment for Grand Larceny.

**Ground Four.** Ineffective Assistance of Trial Counsel.[7]

    A.    Trial counsel failed to conduct pretrial investigation.

    B.    Trial counsel failed to photograph the evidence.

    C.    Trial counsel failed to subpoena a tool expert and question him on the value of the stolen tools.

    D.    Trial counsel failed to assert Ramsey's right to a speedy trial.

    E.    Trial counsel did not establish a prima facie case of discrimination based on the state's selection of jury members and use of peremptory strikes against African American jurors.

    F.    Trial counsel confused the witness' name and the defendant's name.

    G.    Trial counsel failed to inform Ramsey of the defective indictment and also failed to quash the indictment.

    H.    Trial counsel erred by failing to object when the defendant was identified by the wrong name in court.

---

[6] Honorable Glenn S. Swartzfager represented Ramsey on appeal. *See* State Court Record, No. 2007-KA-01425-COA, "Miscellaneous Pleadings." [9-5] at 3.

[7] Honorable Gay L. Polk-Payton represented Ramsey at trial. *See* Ex. C-16 to Memorandum in Support [3-2] at 52; *see also* Ex. G-1 to Memorandum in Support [3-2] at 66.

**Ground Five**. The trial court erred in granting the State's motion to amend its indictment as to substance, deleting the cd player from the indictment.[8]

Respondent, Danny R. Scott, filed an Answer [8] to the Complaint on April 20, 2010. Plaintiff filed a Rebuttal [11] to the Answer on May 10, 2010.[9]

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

---

[8]For Grounds 1-5, *See* Petition [1]; *See also* Memorandum in Support of Petition [3] at 19-42.

[9]A second Rebuttal was filed on May 17, 2010. [12]. It appears to be a typed copy identical to Ramsey's handwritten Rebuttal [11].

5

## III. PETITIONER'S OBJECTIONS AND DISCUSSION

The Antiterrorism and Effective Death Penalty Act "AEDPA), to which this case is subject, requires exhaustion of the claim in state court before this court can consider the claim. Ramsey has satisfied the exhaustion requirement for Grounds One and Four. Ground Four has eight sub-parts.

**Ground One, Ineffective Assistance of Counsel**

Ramsey's objection is conclusory and he only states as follows: "Petitioner objects to this court's ruling, because petitioner will show this court by clear and convincing evidence that he has satisfied his burden under *Strickland*." *See Petitioner's Petition Brief at Page 14.* The petitioner's request that relief should be granted as to Ground One, Page 14 of the movant's brief is no more specific than his objection. He simply states in argument,

> petitioner argues that appellate counsel was ineffective for failing to raise on direct appeal, that petitioner had timely asserted his speedy trial right, by "alerting the court" and the court failed to act upon the motion. Had this constitutional error been raised on appeal, there would have been a different outcome. *See* Petition [3] at 20.

What petitioner complains about is the fact that the issue of speedy trial was not raised on direct appeal. Judge Parker went through an extensive analysis of *Strickland v Washington*, 466 U.S. 668 (1984) setting forth the applicable standard that has to be met for an ineffective assistance of counsel claim. In the factual background of this case it is noted that Ramsey was arrested on February 18, 2006, and his trial began July 30, 2007. An agreed order setting the trial for July 30, 2007, was entered. This agreed order waived objections and the trial began three weeks later. Ramsey has not shown

6

any facts that would justify a finding of ineffective assistance of counsel on appeal and, in addition, there is really no specific objection made to the Report and Recommendation. Therefore, this Court finds that on Ground One the Report and Recommendation is correct.

**Ground Four, Claims A, B and C**

These are claims of ineffective assistance of trial counsel and relate to allegations that counsel failed to conduct a pretrial investigation, photograph evidence and subpoena a tool expert who would testify as to the value of the stolen tools. In his objections addressing these points, the petitioner is again conclusory in his objections and does not object to the fact specific analysis of Magistrate Judge Parker. Ramsey fails to meet his burden of proof for relief on Claims A, B, and C under Ground Four of his petition and same should be **denied**.

**Ground Four, Claim D**

Claim D is another allegation as to the issue of speedy trial. Ramsey argues that he was denied effective assistance of counsel because she fails to raise the speedy trial issue. Here again, there was an agreed order of continuance and the balancing test weighed in favor of the state. The objections are again conclusory and are not well taken.

**Procedurally Barred Claims**

Petitioner objects to the finding that Grounds Two, Three and Five are procedurally barred. His arguments are without merit and are conclusory and these claims have no merit.

**Ground Four, Claim E**

This portion of the Report and Recommendation is not objected to.

**Ground Four, Claim F**

This portion of the ruling is not objected to.

**Ground Four, Claim G**

This portion of the Report and Recommendation is not objected to.

**Ground Four, Claim H**

This portion of the Report and Recommendation is not objected to.

**Procedurally Barred Claims**

As stated above, there is no significant objection filed by petitioner to this portion of the Report and Recommendation and the Court finds that the objections of petitioner to this portion of the Report and Recommendation have no merit.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Ramsey's  objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that J.C. Ramsey's petition is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 19th day of October, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE